**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **AQUA CONNECT, INC. and STRATEGIC TECHNOLOGY PARTNERS, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PARALLELS INC.,**<br><br>**Defendant,** | **Civil Action No. 1:18-cv-454-VAC-MPT** |

## ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs Aqua Connect, Inc. ("Aqua Connect") and Strategic Technology Partners, LLC ("STP," collectively, "Plaintiffs") hereby file this Answer to the Counterclaims of Defendant Parallels Inc. ("Parallels" or "Defendant").

## COUNTERCLAIMS

1. This paragraph recites legal conclusions to which no response is required. If any response is required, Plaintiffs deny.

2. Plaintiffs admit the allegations of Paragraph 2.

## PARTIES

3. Plaintiffs lack knowledge and information and on that basis deny.

4. Plaintiffs admit the allegations of Paragraph 4.

5. Plaintiffs admit the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. Plaintiffs admit the allegations of Paragraph 6.

7. Plaintiffs admit the allegations of Paragraph 7.

8. Plaintiffs admit the allegations of Paragraph 8.

9. Plaintiffs admit the allegations of Paragraph 9.

10. Plaintiffs admit the allegations of Paragraph 10.

## NONINFRINGEMENT OF THE ASSERTED PATENTS

11. Plaintiffs restate and incorporate by reference every allegation of the preceding paragraphs.

12. Denied.

13. Plaintiffs lack knowledge and information and on that basis deny. Plaintiffs have not yet disclosed all theories of infringement.

14. This paragraph recites legal conclusions to which no response is required. If any response is required, Plaintiffs deny.

## INVALIDITY OF THE ASSERTED PATENTS

15. Plaintiffs restate and incorporate by reference every allegation of the preceding paragraphs.

### Sections 102 and 103

16. Denied.

17. Plaintiffs lack knowledge and information and on that basis deny.

18. Plaintiffs lack knowledge and information and on that basis deny.

19. Plaintiffs lack knowledge and information and on that basis deny.

20. Plaintiffs admit that one aspect of the novelty and non-obviousness of the Patents-in-Suit originate arise from differences between a Windows environment and a Mach-based environment, but deny this is the only aspect. Plaintiffs admit that citations to the Patent-in-Suit and file history in the Counterclaims appear accurate, but deny that the cited material supports

any argument for invalidity. Plaintiff deny all remaining allegations.

21. Plaintiffs admit that one problem that the Patents-in-Suit solve is needing to cross Mach boundaries, but deny this is the only problem.

22. Plaintiffs lack knowledge and information and on that basis deny.

23. Plaintiffs lack knowledge and information and on that basis deny.

24. Denied.

25. Denied.

26. Denied.

**Sections 112, 132 and 251(a)**

27. Denied.

28. Denied.

29. Denied.

30. With reference to citations to the specifications and applications, Plaintiffs state that the specifications and applications speak for themselves, and deny all remaining allegations.

31. With reference to citations to the specifications and applications, Plaintiffs state that the specifications and applications speak for themselves, and deny all remaining allegations.

32. With reference to citations to the specifications and applications, Plaintiffs state that the specifications and applications speak for themselves, and deny all remaining allegations.

33. With reference to citations to the specifications and applications, Plaintiffs state that the specifications and applications speak for themselves, and deny all remaining allegations.

**Sections 115, 116, and 251(b)**

34. Denied.

35. Plaintiffs admit the allegations of Paragraph 35.

36. Plaintiffs admit the allegations of Paragraph 36.

37. Plaintiffs admit the allegations of Paragraph 37.

38. Plaintiffs admit the allegations of Paragraph 38.

39. Plaintiffs admit that the exhibit appears to be what is represented but deny all remaining allegations, including allegations that the exhibit supports any invalidity argument.

40. Plaintiffs admit that the exhibit appears to be what is represented but deny all remaining allegations, including allegations that the exhibit supports any invalidity argument.

41. Plaintiffs admit that Mr. Cohen is named inventor and admit that attorneys filed the application, but deny all remaining allegations.

42. Plaintiffs lack knowledge and information and on that basis deny.

43. Plaintiffs admit the allegations of Paragraph 43.

44. Plaintiffs lack knowledge and information and on that basis deny.

45. Plaintiffs lack knowledge and information and on that basis deny.

46. Plaintiffs lack knowledge and information and on that basis deny.

47. Plaintiffs lack knowledge and information and on that basis deny.

48. Plaintiffs lack knowledge and information and on that basis deny.

49. Plaintiffs lack knowledge and information and on that basis deny.

50. Plaintiffs lack knowledge and information and on that basis deny.

51. Plaintiffs lack knowledge and information and on that basis deny.

52. Plaintiffs lack knowledge and information and on that basis deny.

53. Plaintiffs lack knowledge and information and on that basis deny.

54. Plaintiffs lack knowledge and information and on that basis deny.

55. Plaintiffs lack knowledge and information and on that basis deny.

56. Plaintiffs lack knowledge and information and on that basis deny.

57. Plaintiffs lack knowledge and information and on that basis deny.

58. Plaintiffs lack knowledge and information and on that basis deny.

59. Plaintiffs lack knowledge and information and on that basis deny.

60. Plaintiffs lack knowledge and information and on that basis deny.

61. Denied.

62. Plaintiffs lack knowledge and information and on that basis deny.

63. Plaintiffs lack knowledge and information and on that basis deny.

64. Denied.

65. Denied.

66. Plaintiffs lack knowledge and information and on that basis deny.

67. Denied.

68. Denied.

**Section 251(d)**

69. Denied.

70. Plaintiffs lack knowledge and information and on that basis deny.

71. Plaintiffs deny the very premise of the allegation, that any claim was broadened or attempted to be broadened, and deny all allegations.

72. Plaintiffs deny the very premise of the allegation, that any claim was broadened or attempted to be broadened, and deny all allegations.

73. Plaintiffs deny the very premise of the allegation, that any claim was broadened or attempted to be broadened, and deny all allegations.

**FIRST COUNTERCLAIM**

**(Declaration of Non-Infringement of the ’502 Patent)**

74. Plaintiffs restate and incorporate by reference every allegation of the preceding paragraphs.

75. Denied.

76. Denied.

77. Plaintiffs admit the allegations of Paragraph 77.

78. This paragraph recites legal conclusions to which no response is required. If any response is required, Plaintiffs deny.

**SECOND COUNTERCLAIM**

**(Declaration of Invalidity of the ’502 Patent)**

79. Plaintiffs restate and incorporate by reference every allegation of the preceding paragraphs.

80. Denied.

81. Plaintiffs admit the allegations of Paragraph 81.

82. This paragraph recites legal conclusions to which no response is required. If any response is required, Plaintiffs deny.

**THIRD COUNTERCLAIM**

**(Declaration of Non-Infringement of the ’386 Patent)**

83. Plaintiffs restate and incorporate by reference every allegation of the preceding paragraphs.

84. Denied.

85. Denied.

86. Plaintiffs admit the allegations of Paragraph 86.

87. This paragraph recites legal conclusions to which no response is required. If any response is required, Plaintiffs deny.

**FOURTH COUNTERCLAIM**

**(Declaration of Invalidity of the '386 Patent)**

88. Plaintiffs restate and incorporate by reference every allegation of the preceding paragraphs.

89. Denied.

90. Plaintiffs admit the allegations of Paragraph 90.

91. This paragraph recites legal conclusions to which no response is required. If any response is required, Plaintiffs deny.

**PRAYER FOR RELIEF**

Plaintiffs deny that Defendant is entitled to any of the relief requested.

Dated: June 22, 2018

STAMOULIS & WEINBLATT LLC

*s/ Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)
Richard C. Weinblatt (No. 5080)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

LAW OFFICE OF RYAN E. HATCH, PC
Ryan E. Hatch (admitted Pro Hac Vice)
13323 Washington Blvd, Suite 100
Los Angeles, CA 90066
Telephone: 310-279-5076
Fax: 310-693-5328
ryan@ryanehatch.com

*Attorneys for Plaintiffs*